## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AKHENATON R. BONAPARTE, IV       *

Plaintiff       *

v       *       Civil Action No. JKB-12-383

UNITED STATES DEPT OF VETERANS       *
AFFAIRS,
DALE SMITH, and       *
DENNIS SMITH
      *

Defendants

      ***

### MEMORANDUM

The above-captioned case was filed on February 8, 2012, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion will be granted.

The complaint alleges that plaintiff was denied "the benefit of health care services from the listed defendants" over a period of 19 months, resulting in "injuries" to plaintiff's health and "extreme (emergency) homelessness." ECF No. 1 at p. 2. Although plaintiff provides dates when he was allegedly denied service, he provides no other details regarding the services or the condition they were meant to address. The exhibits submitted by plaintiff are notices and correspondence regarding his entitlement to unemployment payments and unspecified veteran's benefits.

A court is not obliged to ferret through a complaint, searching for viable claims. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel.*

*Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989). A pleading must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) *(quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The instant complaint does not comply with Fed. R. Civ. Proc. 8 as it does not provide fair notice of the facts and events upon which the complaint is based. In addition, the complaint does not provide enough information for this court to determine if it has jurisdiction or if there is a valid federal claim presented. Accordingly, the complaint will be dismissed without prejudice by separate order which follows.

_2/16/12_
Date

James K. Bredar
United States District Judge